IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED SHINARD-BEY, #274483,       *

         Plaintiff,

    v.                        *   CIVIL ACTION NO. RWT-13-3753

JOHN WOLFE "WARDEN OF" JESSUP    *
CORR. INSTITUTION,

         Defendant.    *
                        *****

## **MEMORANDUM**

Plaintiff is a Maryland Division of Correction ("DOC") inmate housed at the North Branch Correctional Institution ("NBCI").  On December 11, 2013, the Court received for filing his self-represented 42 U.S.C. § 1983 civil rights action in which he states that on July 25, 2013, he was placed on disciplinary segregation  at the Jessup Correctional Institution ("JCI") and subsequently received his allowable property,  i.e.  legal books, transcripts, family photographs, and other valuable property.  ECF No. 1.  Plaintiff further claims that the following day, officers entered his cell and informed him he was being transferred.  ECF No. 1.  Plaintiff's primary claim is that not all of his property was transferred with him to JCI.  ECF No. 1.  He asserts that he only received half the non-allowable property stored in the JCI property room and did not receive his allowable property that was with him during JCI segregation.  ECF No. 1.  He asks to be allowed to proceed in this civil suit and that a ruling be entered in his favor.  ECF No. 1.  Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] shall be granted.  His Complaint shall, however, be summarily dismissed.

To the extent that Plaintiff is claiming that his personal property was lost, no constitutional claim has been stated.  In the case of lost or stolen property, sufficient due process is afforded an

inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[1]

Plaintiff seemingly complains that his legal work did not follow him to NCBI. He does not, however, articulate how this caused him harm or impacted his ability to proceed with his legal cases. An inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Therefore, any access-to courts claim that may be generously construed as arising out of the Complaint shall be dismissed without prejudice. A separate order follows.

Date: <u>December 20, 2013</u>                                   <u>            /s/            </u>
                                                                 Roger W. Titus
                                                                 United States District Judge

_____

[1] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing the due process claims.